IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SACE S.p.A., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:15-cv-1042 |
| The Republic of Paraguay, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff SACE S.p.A. ("SACE") brings this action against Defendant the Republic of Paraguay ("Paraguay") for recognition of two Swiss money judgments against Paraguay and in favor of nine banks, and in which Plaintiff holds rights. This action is brought pursuant to the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D. C. Code § 15-361 *et seq.* (the "Act").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because this is a "nonjury civil action against a foreign state as defined in [28 U.S.C. § 1603(a)]," and the exception to foreign sovereign immunity set forth at 28 U.S.C. § 1605(a)(1) is satisfied.

2. Venue in this Court is proper under 28 U.S.C. § 1391(f)(4).

## PARTIES

3. SACE is a joint stock corporation organized under the laws of Italy with its principal place of business located at Piazza Poli, 37/42, 00187, Rome, Italy.

4. Defendant Paraguay is a foreign state.

## THE SWISS JUDGMENTS

5. On February 7, 1995, ING Bank (Suisse) SA (formerly Banque Bruxelles Lambert (Suisse) SA), Cosba private banking AG (formerly DG Bank (Schweiz) AG), Union de Banques Arabes et Françaises, Banco di Roma International SA, Mecfint (Jersey) Ltd., Sanpaolo-Lariano Bank SA, Banca Popolare di Milano, HSBC Bank USA, N.A. (formerly Republic National Bank of New York, then H.S.B.C. Bank USA), and BNP Paribas, London Branch (collectively, the "Banks"), along with another banking entity, commenced a proceeding against Paraguay in the Swiss Tribunal of First Instance in Geneva.  The subject matter of the proceeding was Paraguay's failure to repay principal and interest payments owed to the Banks, and to the other banking entity, on loans to third-party borrowers that Paraguay had guaranteed. BNP Paribas, London Branch subsequently withdrew its claims in that proceeding.

6. In a decision of August 20, 1998, the Swiss Federal Tribunal (the highest court in Switzerland) concluded that Swiss courts had personal jurisdiction over Paraguay, rejecting Paraguay's argument that it had jurisdictional immunity.

7. In a decision of September 3, 2004, the Civil Chamber of the Geneva Court of Justice (the "Court of Justice") entered judgment ordering Paraguay to pay a total of € 28,018,794 and 36,700,000 SFr. to the Banks, comprising the following payments:

- 5,000,000 SFr. to ING Bank (Suisse) SA;
- 10,000,000 SFr. and € 3,067,751 to Cosba private banking AG;
- 15,000,000 SFr. to Union de Banques Arabes et Françaises;
- 6,700,000 SFr. and € 5,828,727 to Sanpaolo-Lariano Bank SA;
- € 8,691,962 to Banco di Roma International SA;
- € 5,112,919 to Mecfint (Jersey) Limited;
- € 2,045,167 to Banca Popolare di Milano;

- € 3,272,268 to H.S.B.C. Bank USA.

A copy of the Court of Justice's September 3, 2004 decision, and an English translation, are attached hereto as Exhibit A.  The facts set forth in that decision are incorporated herein by reference.

8. Paraguay subsequently appealed the Court of Justice's decision.  In a decision of May 31, 2005, the Swiss Federal Tribunal dismissed Paraguay's appeal and affirmed the judgment awarded by the Court of Justice.  A copy of the Swiss Federal Tribunal's decision, and an English translation, are attached hereto as Exhibit B.

9. On February 6, 2005, BNP Paribas, London Branch, commenced a separate proceeding against Paraguay in the Swiss Tribunal of First Instance in Geneva.  The subject matter of this proceeding was the same as the earlier proceeding brought by the Banks: Paraguay's failure to repay principal and interest payments owed to BNP Paribas, London Branch, on loans to third-party borrowers that Paraguay had guaranteed.

10. Paraguay again raised jurisdictional objections, which were dismissed in a decision of May 25, 2007, by the Court of Justice.

11. In a judgment of September 30, 2010, the Tribunal of First Instance in Geneva ordered Paraguay to pay 10,000,000 SFr. to BNP Paribas, London Branch, plus interest at a rate of 5% as of September 1, 1993 and 7% from February 7, 2000.  The Tribunal of First Instance also ordered Paraguay to pay BNP Paribas, London Branch costs in the amount of 15,000 SFr.  A copy of the Tribunal of First Instance's Judgment, and an English translation, are attached hereto as Exhibit C.  The facts set forth in that decision are incorporated herein by reference.

12. SACE has all rights to the portions of the September 3, 2004 and September 30, 2010 judgments (the "Swiss Judgments") that granted monetary awards to the Banks, pursuant to Settlement Agreements between SACE and each of the individual Banks entered into in

November 2009.  Copies of the Settlement Agreements, along with English translations, are attached hereto as Exhibits D-L.

13. Paraguay has not paid any portion of the Swiss Judgments to the Banks or to SACE.

## CLAIM FOR RELIEF

### To Recognize Foreign Money Judgments
### Pursuant to D.C. Code § 15-361, *et seq.*

14. Plaintiffs re-allege and incorporate herein the allegations in Paragraphs 1 through 13 as if fully set forth herein.

15. The Swiss Judgments are foreign-country judgments under D.C. Code § 15-362.

16. The Swiss Judgments grant recovery of a sum of money and are final, conclusive, and enforceable against Paraguay under the laws of Switzerland, as required under D.C. Code § 15-363(a).

17. The Swiss Judgments are not judgments for taxes, divorce, support or maintenance or otherwise in connection with domestic relations, and do not constitute fines or other penalties within the meaning of D.C. Code § 15-363(b)

18. The Swiss Judgments were rendered by impartial tribunals with jurisdiction over the subject matter and with personal jurisdiction over the Defendant, and according to procedures compatible with the requirements of due process of law, consistent with D.C. Code § 15-364.

19. SACE holds all rights to the Swiss Judgments.

20.     Accordingly, SACE is entitled to an order recognizing the Swiss Judgments pursuant to the Uniform Foreign Money-Judgments Recognition Act, D.C. Code § 15-361, *et seq.*

## RELIEF REQUESTED

WHEREFORE, SACE respectfully requests that the Court:

A.      Enter an order pursuant to D.C. Code § 15-361, *et seq.* recognizing the Swiss Judgments as a judgment of this Court;

B.      Enter judgment against Paraguay in an amount not less than the sum of (i) the U.S. dollar equivalent of € 28,018,794 and 46,715,000 SFr. (converted to U.S. dollars as of the date on which this Court renders its judgment); (ii) interest on the 10,000,000 SFr. payment awarded to BNP Paribas, London Branch at a rate of 5% from September 1, 1993 and 7% from February 7, 2000, until the date on which this Court renders its judgment; and (iii) post-judgment interest as to all aforementioned amounts at the rate set forth in 28 U.S.C. § 1961(a).

C.      Grant SACE any and all other relief that the Court deems just and proper.


July 1, 2015                                                Respectfully submitted,

/s/ Jonathan Gimblett
Jonathan Gimblett (D.C. Bar No. 489257)
Daniel E. Matro (D.C. Bar No. 1013570)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
jgimblett@cov.com
*application for admission to District Court pending

*Attorneys for Plaintiff SACE S.p.A.*